I, Joshua Hampton (claimant) swear under the penalty of perjury, that the foregoing information is true and correct, to the best of my knowledge and belief.

FILED
HARRISBURG, PA
MAY 02 2019
PER ___
DEPUTY CLERK

## Unreasonable Risk Of Exposure

Claimant contends that it is the responsibility of the United States government, to provide a safe and healthy environment - free of unreasonable risk.

Claimant aver that the U.S. government through its employees - failed in their responsibility to claimant for the following reasons:

1. During the first week of January 2017, claimant was hired to work in the institution's "C.M.S" department;

2. On or about January 4, 2017, claimant was informed by his employer - that he was assigned to work as a "Polyurethane Sprayer" - and that if he had any questions, to refer to inmate Archer who was the #1,

3. On or about February 2017,

while preparing for an "in-house inspection" claimant was approached by GM-1 (Jones) who advised claimant, that if asked, to say that the wood shop does not have a spray booth or spray guns - that the wood shop does not spray at all.

4. On or about March 2017, another "in-house inspection" was conducted - at which time C.M.S. A/W (Newheart) advised me that if I was asked whether or not we used polyurethane - that I was to reply, that we brushed it on, not spray. He added that his instructions to me were a direct order;

5. On or about Aug. - Oct. 2017, a "pre-required inspection" (PREA) was conducted. Asst. A/W (Hoffman) personally advised me to never say anything about the two spray rooms and that we only used brushes to apply polyurethane. He further added that his instructions to me were a direct order;

6. Approximately two weeks later, I was then approached by A/W of Safety (Hick) who requested that I build personal "Penn State Cornholers" - and be sure that I spray oil based polyurethane on them. I was also ordered

2 of 7

of the individual it did not work. I had to spray oil based Polyurethane on those as well; Also C.M.S. officers Miller and Allen requested that I spray all the Lt. Office desks, cabinets, and other personal items such as deer antlers and mounts with Polyurethane;

7. On or about March of 2018, I began to experience very severe headaches;

8. On or about June 2018, I began waking up out of my sleep with a sore throat, gasping for air (shortness of breath), and memory loss. I complained to CM-1 (Jones) that I needed to go to medical to no avail. Instead informed me that he was not going to contact medical - and that if I went to medical on my own, that I would no longer need medical, but instead, a hospital; (See Ex.   )

9. On or about July of 2018, I saw health provider (Edinger) about three items he wanted me to make for his office. It was at this time that I informed him about the direct orders of speaking to anyone about my spraying of Polyurethane. (See Ex.   I further explained to him that Mr. Hoffman

3 of 5

(C.M.S.), Mr. Newhart (C.M.S.), Mr. Jones (C.M.S.), Mr. Allen (C.M.S.), Mr. Miller (Safety), Mr. Hick (Safety), Mr. Drick (Safety), as well as the Warden. All knew of my spraying of Polyurethane the entire time. That I had sprayed personal items for both the Warden and Captain;

10. I sprayed Polyurethane 4 days out of a week. I would spend 30 to 45 minutes each time I sprayed. I would spray twice in the morning, and twice in the afternoon for 18 months. This is what I was hired to do - to spray Polyurethane on the personal items I built for staff. At times when I became sick I was not allowed to leave work.

## Unreasonable Risk Of Exposure

1. The U.S. government through its employees, breached its mandated duty and became negligent, by failing to properly train claimant in the use of respiratory equipment;

Claimant contends that as a cautionary measure - claimant was to be properly trained in the use of respiratory equipment, when given it direct order to spray Polyurethane

4 of 5

(to which he was exploited) on the personal items he built for staff, in the wood shop in U.S.P. Lewisburg. Claimant avers that he was never given such training. See Ex.

2.) The U.S. government through its employees breached its mandated duty and became negligent, when it failed to enforce the mandatory requirement that claimant wear adequate protective gear i.e., respiratory equipment.

Claimant contends that as a cautionary measure, the government was duty bound, to have claimant wear respiratory equipment when forcing him to spray polyurethane on personal items he built for staff members. Claimant aver that instead of placing his health and safety first and foremost that the government instead offered threats of retaliation to ensure their own gain and well being.

Joshua Hampton
#31575-160
2680 Hwy 301 South
Jesup. G.A. 31599

Joshua T Hampton
#31575-160
11-28-18

| CLAIM FOR DAMAGE, APPROVED INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
Northeast Regional Office
U.S. Custom House, 7th Floor 2nd and Chestnut St
Philadelphia, Pennsylvania 19106

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code)
2680 Hwy 301 south, Jesup, GA 31599

3. TYPE OF EMPLOYMENT: [ ] MILITARY [X] CIVILIAN
4. DATE OF BIRTH: 10-4-79
5. MARITAL STATUS: N/A
6. DATE AND DAY OF ACCIDENT: Jan 2017 / July 2018
7. TIME (A.M. OR P.M.): VARY

8. Basis of Claim: N/A

FILED HARRISBURG, PA
MAY 02 2019
PER ____ DEPUTY CLERK

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT: N/A
BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED: N/A

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH...
See Attached Affidavit 1th 5 pages

11. WITNESSES

| NAME | ADDRESS |
|---|---|
| See Attached Affidav.7 Pg 3 and 4 pg | USP Lewisburg P.A. Po Box 1000 Lewisburg, P.A. 17837 |

12. AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL |
|---|---|---|---|
| N/A | $2,000,000.00 | N/A | $2,000,000.00 mill |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

13a. SIGNATURE OF CLAIMANT: Joshua Hampton #31575-160
13b. Phone Number of signatory: N/A
14. DATE OF CLAIM:

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM
The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS
Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

75-109 Previous editions not usable.
NSN 7540-00-634-4046
STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give the name and address of insurance company (Number, street, city, State, and ZIP Code) and policy number. ☒ No

N/A

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?<br><br>N/A | 17. If deductible, state amount<br><br>N/A |
|---|---|

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and ZIP Code) ☒ No

N/A

SF 95 (Rev. 7-85) BAC