United States District Court
For middle District of
Pennsylvania

FILED
SCRANTON

AUG 1 6 2021

Per_____
DEPUTY CLERK

Joshua Hampton,
Plaintiff                    ,         Case number: 1:19-cv-0751

v.

G. Jones % and         ,      (chief Judge Jones)

Jessie Ayers P.A.      ,      mag. Judge Carlson
Def's

/   /   /   /   /   /   /

Plaintiff's Objection to: Report and Recomedation

Submitted 2 day of Aug 2021. By Martin C.
Carlson. United States Magistrate Judge ....

Arguement & Objections w/case law &

Exhibits 1 to 8

Arguement for Objections

1st G. Jones, own sworn 28usc 1746 "oath"
— Declaration —

Proves Article III   will the Court Please
read Paragraph #4 of Def's Declaration

I, (Def) informed Hampton that "Polyurethane was a

Potentially Hazardous material" that would be used
in his Work area ...

Will the Court Please Read Exhibit 1, Article III

(ii) the injury is fairly traceable to the Def's

illegal Conduct;

    2nd will the Court Please Read Paragraph
#4 of % G. Jones Def's Declaration.
it states:
    Hampton was Un-willing to shave his
beard, so "I did not train him on
how to use a Respirator".

    Yet, Def % G. Jones admits "in" Paragraph
#6. of the same Declaration

2.

Arguement to Objection

, he "Plaintiff" would spray Polyurethane around three to five times a month for approximately 20 to 30 min, at a time ...

Will the Court Please Read Paragraph #4 top three lines. of Def's Declaration.

It Reads : From Jan 4, 2017, until July 2018, I trained and Supervised inmate Joshua T. Hampton (Plaintiff) reg. # number 31575-160 while he worked in the Wood shop at USP Lewisburg

So, we Know By Def's own sworn Declaration that C/o G. Jones Knew with out a "fault" that the Chemical is "Hazardous material"
2nd That Def supervised and allowed Plaintiff to spray chemical under his Direct order & (Supervision)
For 20 to 30 min at a time ...
Lastly We & The Court Know C/o G. Jones "Did not" train Hampton w/ Respirator .

3.

Arguement of Objection

Plaintiff, would like to sight Exhibit 2, Reads

To est. Article III the Plaintiff must show that (1) "an injury in fact" (2) that is fairly traceable to the challenged Conduct of the Def, and.

C/o G. Jones admits to Knowledge of the Hazardous material.

2nd then His supervison of inmate Hampton Proves Delibrate & Indifferent actions By allowing Plaintiff to spray Chemical w/out Proper Protective Equipment

While Knowing the Damage was being done to Hamptons exposure.... B/c of lack of P.P.E Proper Proteictive equipment.

Will the Court Please Read Exhibit #3

Therefore, "[a]s long as the parties have a Concrete interest, however small, in the outcome of the litigation, the Case is not moot."

Case in support : Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016).

4.

Plaintiff now Brings Injury of Article III

Provider: Edinger, Andrew MD/CD Exhibit #4

Will the Court Please Read **A.** Pulmonary
Auscultation.
        Yes: Diminished Breath Sounds, Pleural
Rub
        Will the Court Please Read B.
Exam Comments
        Lungs: overall excursion is decreased
along with somewhat decreased BS; Soft Pleural
    rub noted in left base, Right mid lung
field and Right apex, Rub is not associated
with pain and sounds like a bullous lung
disease rub


        Will the Court Please Read C.
Reason for Request:
            Inmate has evidence of slowly
Worsening dyspnea and exam suggests
a restrictive lung disease pattern.

        Plaintiff states for the Record. This is
[an] Actual Injury ... From being exposed to
        Hazardous material w/out Proper
Protective Equipment ...


                        5.

Arguement and Objection

To Def's Jessie Ayers P.A. Will the Court Pleas Read Exhibit 5 Cheif Complaint: Breathing Problems. Last 2 lines state: Inmate states he works with chemicals at his job and isn't sure if he inhaled something he shouldn't have.

Plaintiff's statement to PA. Jessie Ayers [is] enoff to Put her on notice.

Section, Wright Peak Flow, Proves enoff actual damage,
For PA Ayers to place inmate on "PredniSONE tablet. this can be Read on Exhibit 6
2nd PA. Jessie Ayers Acted Delibrate & Indifferent to inmate Hampton. By allowing him to go back to work.
There fore being exposed to the Hazardous matrail again ... Causing more damage ... To plaintiff.

6.

Both Def's Knew of Hazardous chemical and still acted w/ Deliberate & Indifferent actions that did lead to actual lung Damage...
Which is Actual Injury...

Arguement and Objection... Too...

Admin. Remedy System. Judical notice Rule 201(c),(d)

Will The Court Please Review May 2nd or 3rd 2019 Lawsuite Package concerning Admin. Remedy'es.

Plaintiff states Regional office "Tolled" BP-10 R1 for over 60 day on Both Remedyes

There for Causing Plaintiff future Damage to Law suit. During Summary Judgment...

Case in support Ross v. Blake (2016) Please Read exhibit #7 Supreme Court stated 3 kinds of circumstances in which an admin. Remedy, although offical on the Books is not capable of use to obtain Relief." to thwart inmate" or through machination, misrepresentation or Intimidation...

7.

Continues: "Tolling" By Regional office...

Will the Court Please Read Exhibit 7 & 8

tolling applies where Def's fraudulent Conduct

Results in Plaintiff's lack of Knowledge

of a Cause of action...

If the Court applies "tolling" Correctly
Plaintiff Did exahust Admin. Remedy.
on time and Properly...

~ In conclusion ~

Plaintiff Proves Artical III
with merit,
B/c of B.O.P Documentation

Plaintiff Request Court to Dismiss
Def's motion of Summary Judgment

Submitted by Joshua T Hampton
Po Box 4000
Date 8-10-2021    Springfield MO 65801

8.

Exhibit 1

To establish **Article III** standing, the Plaintiff must show that she: (i) personally suffered an actual or threatened injury; (ii) the injury is fairly traceable to the defendant's illegal conduct; and (iii) the injury is likely to be redressed by a favorable decision.

1yccases                                      1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31575160

Exhibit 2

**Article III** standing: (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. V. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635. An injury in fact requires an "invasion of a legally protected interest which is [] concrete and particularized."

lyccases                                                    1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31575160

*Exhibit 3*

The test for **Article III** mootness is whether it has become "impossible for a court to grant any effectual relief whatever to the prevailing party." *In re ICL Holding Co., Inc.*, 802 F.3d 547, 553 (3d Cir. 2015) (citing *Chafin v. Chafin*, 568 U.S. 165, 133 S. Ct. 1017, 185 L. Ed. 2d 1 (2013)). Therefore, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016).

1yccases            **1**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31575160

Exhibit 4

| Inmate Name: HAMPTON, JOSHUA | | Reg #: 31575-160 |
|---|---|---|

Inmate Name:  HAMPTON, JOSHUA
Date of Birth:
Encounter Date:  07/23/2018 15:20

Sex:  M  Race:  BLACK
Provider:  Edinger, Andrew MD/CD

Reg #:  31575-160
Facility:  LEW
Unit:  H02

## Exam:
### Head
#### General
Yes: Symmetry of Motor Function, Atraumatic/Normocephalic
### Eyes
#### General
Yes: PERRLA, Extraocular Movements Intact
### Ears
#### Tympanic Membrane
Yes: Within Normal Limits
### Mouth
#### Mucosa
No: Erythema, White Plaques, Dryness
### Neck
#### General
Yes: Supple
No: Lymphadenopathy
### Pulmonary
#### Auscultation
Yes: Diminished Breath Sounds, Pleural Rub
No: Clear to Auscultation, Crackles, Rhonchi, Wheezing
### Cardiovascular
#### Auscultation
Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2
No: M/R/G
### Peripheral Vascular
#### General
No: Varicosities, Non-Pitting Edema, Pitting Edema

### Exam Comments
Lungs:  overall excursion is decreased along with somewhat decreased BS; soft pleural rub noted in left base; right mid-lung field and right apex; rub is not associated with pain and sounds like a bullous lung disease rub.

## ASSESSMENT:

Unspecified abnormalities of breathing, R069 - Current

## PLAN:

### New Consultation Requests:

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|---|---|---|---|---|---|
| Pulmonology | 10/01/2018 | 10/01/2018 | Routine | No | |

#### Subtype:
Offsite Appt
#### Reason for Request:
Inmate has evidence of slowly worsening dyspnea and exam suggests a restrictive lung disease pattern. His rate is increased, his excursion is decreased, and he had no response to bronchodilators.  A short course of oral steroids failed to improve his symptoms.  This consult request is for screening spironmetry with and without bronchodilator along with flow volume loop.

Exhibit 3

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | | |
|---|---|---|---|
| Inmate Name: HAMPTON, JOSHUA | | | Reg #: 31575-160 |
| Date of Birth: | Sex: M Race: BLACK | | Facility: LEW |
| Encounter Date: 07/11/2018 10:14 | Provider: Ayers, Jessie PA-C | | Unit: H02 |

Mid Level Provider - Sick Call Note encounter performed at Health Services.

**SUBJECTIVE:**

### COMPLAINT 1        Provider: Ayers, Jessie PA-C

**Chief Complaint:** Breathing Problems

**Subjective:** Inmate states he has been "more aware of his breathing over the last 2 weeks and is getting concerned because he does not feel like he can take a deep breath and has been waking up feeling short of breath". Inmate states he works with chemicals at his job and isn't sure if he inhaled something he shouldn't have.

**Pain:** No

**OBJECTIVE:**

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 07/11/2018 | 10:49 LEW | 16 | Ayers, Jessie PA-C |

**Wright Peak Flow:**

| Date | Time | Attempt 1 | Attempt 2 | Attempt 3 | Effort | Bronchodilator | Provider |
|---|---|---|---|---|---|---|---|
| 07/11/2018 | 10:49 LEW | 250 | 275 | 200 | Fair | Without | Ayers, Jessie PA-C |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 07/11/2018 | 10:49 LEW | 98 | Room Air | Ayers, Jessie PA-C |

**Exam:**

**General**

  **Affect**

    Yes: Pleasant, Cooperative

  **Appearance**

    Yes: Appears Well, Alert and Oriented x 3

    No: Appears Distressed

**Eyes**

  **General**

    Yes: Extraocular Movements Intact

**Pulmonary**

  **Observation/Inspection**

    No: Respiratory Distress

  **Auscultation**

    No: Crackles, Wheezing

**Cardiovascular**

  **Observation**

    Yes: Within Normal Limits

  **Auscultation**

    Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2

_— Exhibit 6 —_

| | |
|---|---|
| Inmate Name:  HAMPTON, JOSHUA | Reg #:  31575-160 |
| Date of Birth: | Facility:  LEW |
| Encounter Date:  07/11/2018 10:14 | Unit:  H02 |

Sex:  M  Race:  BLACK
Provider:  Ayers, Jessie PA-C

## ASSESSMENT:

Unspecified abnormalities of breathing, R069 - Current

## PLAN:

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | predniSONE Tablet | 07/11/2018 10:14 | Orally(1) 60 mg -  daily x 3 day(s) -- *** (2) 40 mg -  daily x 3 day(s) -- *** (3) 20 mg -  daily x 3 day(s) -- |

Indication: Unspecified abnormalities of breathing

**New Radiology Request Orders:**

| Details | Frequency | End Date | Due Date | Priority |
|---|---|---|---|---|
| General Radiology-Chest-2 Views | One Time | | 07/12/2018 | Routine |

Specific reason(s) for request (Complaints and findings):

shortness of breath

## Disposition:

Follow-up at Sick Call as Needed

## Other:

Chest X-ray obtained today. Inmate started on oral steroids to see if this improves his symptoms. If symptoms continue or worsen will place order for sleep study and possible PFT for new onset asthma/COPD.

Patient allergies reviewed and updates applied during this visit if indicated. See Chart: Allergies for most recent patient allergy list.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 07/11/2018 | Counseling | Plan of Care | Ayers, Jessie | Attentive |

**Copay Required:** No          **Cosign Required:** No

**Telephone/Verbal Order:** No

Completed by Ayers, Jessie PA-C on 07/11/2018 10:55

Generated 07/11/2018 10:56 by Ayers, Jessie PA-C          Bureau of Prisons - **Defs' Ex. 3, Attach. A, p. 17** Page 2 of 2

Exhibit 7

"The doctrine of equitable **tolling** applies where defendant's fraudulent conduct results in Plaintiff's lack of knowledge of a cause of action." Id. at 482 (quoting Pearl v. City of Long Beach, 296 F.3d 76, 82 (2d Cir. 2002). Accordingly, a plaintiff must establish that he was "unable, despite due diligence, to discover facts that would allow him to bring his claim in a timely manner or that defendant's actions induced plaintiff to refrain from commencing a timely action.

lyccases                                                    1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31575160

Exhibit 8

"The doctrine of equitable **tolling** applies where defendant's fraudulent conduct results in Plaintiff's lack of knowledge of a cause of action." Id. at 482 (quoting Pearl v. City of Long Beach, 296 F.3d 76, 82 (2d Cir. 2002). Accordingly, a plaintiff must establish that he was "unable, despite due diligence, to discover facts that would allow him to bring his claim in a timely manner or that defendant's actions induced plaintiff to refrain from commencing a timely action.

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31575160

United States
District Court
For Middle
Pennsylvaina

Joshua Hampton
Plaintiff                          ,         Case 1:19-CV-0751
v
b.Jones c/o ε                      ,
PA Ayers Jessie                    ,
/   /   /   /   ,


Service By mail # 7020 2450 0000 7937-9142

This Date 8-10-2021

Plaintiffs Objection ε Argument

To: Report and Recomedation

By Mag. Judge Martin C. Carlson


Submitted By Joshua Hampton

8-10-2021

Hampton Joshua #31575-160
U.S. Med. Cen. F. Prisoners
Po Box 4000
Springfield. MO
    65801

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 2450 0000 7937 9142

**RECEIVED
SCRANTON**

AUG 16 2021

PER _____
DEPUTY CLERK

REGISTRY SPRINGFIELD MPO
AUG 11 2021
SPRINGFIELD, MO 65801 - USPS

REGISTRY
AUG 11 2021
SPRINGFIELD, MO 65801 - USPS

FOREVER / USA

520

Clerk of Court
Po Box 1148
Scranton, PA. 18501

Legal mail
10-221