**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA T. HAMPTON | : | 1:19-CV-0751 |
| **Plaintiff** | : | |
| | : | (Jones, J.) |
| v. | : | |
| | : | |
| WARDEN DAVID J. EBBERT, et al., | : | |
| **Defendants** | : | **Filed Electronically** |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**HAMPTON'S OBJECTIONS TO THE REPORT AND**
**RECOMMENDATION**

## I.   Introduction

Federal inmate Joshua T. Hampton filed this lawsuit against two staff members at the United States Penitentiary Lewisburg (USP Lewisburg) – Maintenance Worker Supervisor Gregory Jones and Physician Assistant (PA) Jessie Ayers.   Hampton asserts Eighth Amendment claims under Bivens[1] as well as claims under the Federal Tort Claims Act (FTCA) based on his alleged improper exposure to chemicals at USP Lewisburg between January 4, 2017, and July 22, 2018.   (Doc. 86 at 2-4.)

Defendants filed a motion to dismiss because this Court lacks subject matter jurisdiction over Hampton's official capacity claims and FTCA claim against Maintenance Worker Supervisor Jones and PA Ayers. (Docs. 97, 102.)   Also,

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

defendants filed a motion for summary judgment because Hampton failed to exhaust his administrative remedies[2] and alternatively, he cannot demonstrate he was subjected to a constitutional violation.   The defendants also alternatively argued they were entitled to qualified immunity.

This Court issued a Report recommending that defendants' motion to dismiss and for summary judgment be granted.   (Doc. 116.)   Hampton filed objections to the Report and Recommendation, which will be addressed herein. (Doc. 188). Hampton did not object to the recommendation of granting the defendants' motion to dismiss the FTCA claim and Eighth Amendment claim against Maintenance Worker Supervisor Jones due to Ziglar v. Abassi, 137 S. Ct. 1843, 1857 (2017). (Id.)   Likewise, Hampton does not appear to object to this Court's finding that defendants are entitled to qualified immunity.   (Id.)

## II.   Argument

I.    **The court should enter judgment in defendants' favor with regard to Hampton's Eighth Amendment claim.**

In its supporting brief, defendants argued that Hampton's deliberate indifference claim against PA Ayers fails because she exercised sound clinical judgment and provided him with competent medical care.   (Doc. 102 at 17-22 of

---

[2] This Court did reach this issue because they found Hampton's claims failed on other grounds and believe there was some factual confusion with regard to this defense.   (Doc. 116 at 28 of 29, n.2.)

2

27.)    This Court recommended that because the undisputed record demonstrates that Hampton was seen for his bronchial complaints, he cannot establish a medical indifference claim and his disagreement with this medical care cannot rise to the level of a constitutional violation.    (Doc. 116 at 21-24 of 29.)

In his objections, Hampton continues to disagree with PA Ayers' medical advice and treatment (doc. 117), which is insufficient to establish her deliberate indifference.    See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(citations omitted) ("[M]ere disagreement as to the proper medical treatment [does not] support a claim of an eighth amendment violation.")    As such, PA Ayers is entitled to judgment on Hampton's deliberate indifference claim.

Defendants also argued Hampton failed to demonstrate that Maintenance Worker Supervisor Jones violated his Eighth Amendment rights. (Doc. 102 at 22-24 of 27.) While this Court found that it did not believe Hampton could seek a Bivens remedy for this type of claim against Maintenance Worker Supervisor Jones, it also found that while he may have sporadically been exposed, it took place in a well-ventilated setting, which militates against Hampton's Eighth Amendment claim. (Doc. 116 at 1—20, 24-26 of 29.)

In his objections, Hampton continues to take issue with the ventilation, use of respirators, and training he did or did not receive. (Doc. 117.) Hampton has failed, however, to show how Maintenance Worker Supervisor Jones subjected him to

"conditions posing a substantial risk of serious harm"; and (2) acted with "deliberate indifference to inmate health or safety" as stated in <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)(internal quotation marks omitted).   As such, Maintenance Worker Supervisor Jones is entitled to judgment with regard to Hampton's Eighth Amendment claim.

## III.   Conclusion

In conclusion, defendants request that this Court grant their motion to dismiss and for summary judgment.

<div style="margin-left:50%">

Respectfully submitted,
BRUCE D. BRANDLER

Acting United States Attorney

<u>s/ Melissa A. Swauger</u>
Melissa A. Swauger
Assistant United States Attorney
PA 82382
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Phone: (717) 221-4482
Facsimile: (7171) 221-4493
Melissa.Swauger@usdoj.gov
</div>

Date:   August 30, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA T. HAMPTON** | : | **1:19-CV-0751** |
| **Plaintiff** | : | |
| | : | **(Jones, J.)** |
| **v.** | : | |
| | : | |
| **WARDEN DAVID J. EBBERT, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on August 30, 2021, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**HAMPTON'S OBJECTIONS TO THE REPORT AND**
**RECOMMENDATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

**Addressee:**
Joshua Hampton
Reg. No.: 31575-160
U.S. Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65807

/s/Susan Melendez
Susan Melendez
Financial Technician