United States District
Court For the
Middle District
Pennsylvania

FILED
SCRANTON
SEP 2 8 2021
PER _____
DEPUTY CLERK

Joshua Hampton ,
Plaintiff     ,     Case # 1:19-cv-0751

v.
c/o Gregory Jones ,     (Judge Jones. J)
&
PA. Jessie Ayers ,
Def's     ,     "Sir" of (Objection)
/ / / / / / /

"Sir" Motion to: Def's
Report & Recommendation . . . .

" This Sir motion of Objections
with supporting B.O.P documentations ...
w/case law supporting Objections
with "New" supporting Exhibits . . . .
Motion Consist of 16 pages, Exhibits Consist of 17 pages

Argument
II.

Joshua T Hampton #31575-160, Proves merit & thresh-hold that this, Case need to be "heard" In open Court w/ Jury...

Why?    Because Def. G. Jones admitts his own involvement in violation of Plaintiffs 8th Amend Right... In is own Sworn 28usc 1746 Statement before this court...

Therefore his own involvment Proves Deliberate & Indiffence, B/c Def. G. Jones Explained in his own Statement that the Chemical was Hazordous.

And He did not train Plaintiff on How to use the Respirator which is the Proper Protective Equipment...

Nor, Did G. Jones Def. Provide Plaintiff safety From the Hazordous Material...

But Def G. Jones "ordered" & Supervised for 17 months, Plaintiffs use of this Exposure to Chemical %out P.P.E

Argument
III.

Plaintiff, Did infact, Visited the Health Provider Def's PA. Jessie Ayers.
    Plaintiff Did in-Fact explain to Def Jessie Ayers About the chimical...
    Def, Ayers: Did test Hampton and on Her very own, Did infact perscribe Drug to Plaintiff...
    The Drug was Perscribed B/c PA Ayers test Results proved of or [a] issue w/ Hamptons Breathing.

    PA. Jessie Ayers Did [in-Fact]

Send Plaintiff, Back to work were he was again Ordered é Supervised to Spray Chemical with out P.P.E there fore Causing More Damage to Plaintiffs lung's Def Ayers Did infact Know of lung Problems and still Did nothing to Protect Hampton from Hazordus material é that is Delibrate and Indifferance on Her Part...

1.

Arguement for Objections

1st G. Jones, own sworn 28usc 1746 "oath"
— Declaration —
Proves Article III   Will the Court Please
read Paragraph #4 of Def's Declaration

I, (Def) informed Hampton that "Polyurethane was a

Potentially Hazardous material" that would be used
in his work area...

Will the Court Please Read Exhibit 1, Article III

(ii) the injury is fairly traceable to the Def's

illegal conduct;

2nd will the Court Please Read Paragraph
#4 of % G. Jones Def's Declaration.
it states:
        Hampton was Un-Willing to shave his
beard, so "I did not train him on
how to use a Respirator".

        Yet, Def % G. Jones admits "in" Paragraph
#6. of the same Declaration

2.

Argument to Objection

,he "Plaintiff" would spray Polyurethane

around three to five times a month for

approximately 20 to 30 min, at a time ...

Will the Court Please Read Paragraph #4
top three lines. of Def's Declaration.

It Reads : From Jan 4, 2017, until July 2018, I
trained and supervised inmate Joshua T.
Hampton (Plaintiff) reg. # number 31575-160 while
he worked in the Wood shop at USP Lewisburg

So, we Know By Def's own sworn Declaration
that C/o G. Jones Knew with out a "fault"
that the Chemical is "Hazardous material"
2nd That Def supervised and allowed Plaintiff
to spray chemical under his Direct order &
(Supervision)
For 20 to 30 min at a time ...
Lastly We & The Court Know C/o G. Jones "Did
not" train Hampton w/ Respirator .

3.

Arguement of Objection

Plaintiff, would like to sight Exhibit **2**, Reads

To est. Article III the Plaintiff must show
that (1) "an injury in fact" (2) that is fair-ly
traceable to the challenged Conduct of the
Def, and.
⅗ G. Jones admits to Knowledge of
the Hazardous material.
2nd then His super-vison of inmate Hampton
Proves Delibrate & Indifferent actions By
allowing Plaintiff to spray Chemical w/out Proper
Protective Equipment
While Knowing the Damage was
being done to Hamptons exposure ... 3/c of
lack of P.P.E Proper Proteictive equipment.

Will the Court Please Read Exhibit #3
Therefore, "[a]s long as the parties have a
Concrete interest, however small, in the
outcome of the litigation, the case is not
moot."
Case in support: Campbell-Ewald Co. v.
Gomez, 136 S. Ct. 663, 669, 193 L.
Ed.2d 571 (2016).

4.

Plaintiff now Brings Injury of Article III

Provider: Edinger, Andrew MD/CD Exhibit #4

Will the Court Please Read A. Pulmonary Auscultation.
    Yes: Diminished Breath Sounds, Pleural Rub
    Will the Court Please Read B.
Exam Comments
    Lungs: overall excursion is decreased along with somewhat decreased BS; soft Pleural rub noted in left base, Right mid lung field and Right apex, Rub is not associated with pain and sounds like a bullous lung disease rub

    Will the Court Please Read C.
Reason for Request:
    Inmate has evidence of slowly Worsening dyspnea and exam suggests a restrictive lung disease pattern.

    Plaintiff states for the Record. This is [an] Actual Injury ... From being exposed to Hazardous material w/out Proper Protective Equipment ...

5.

Arguement and Objection

To Def's Jessie Ayers P.A. Will the
Court Pleas Read Exhibit 5 Cheif Complaint:
Breathing Problems. Last 2 lines state: Inmate
states he works with chemicals at his job
and isn't sure if he inhaled something he
shouldn't have.

Plaintiff's statement to P.A. Jessie Ayers
[is] enoff to Put her on notice.

Section, Wright Peak Flow, Proves enoff
actual damage,
        For PA Ayers to place inmate
on "PredniSONE tablet. this can be Read on
Exhibit 6
        2nd PA. Jessie Ayers Acted
Delibrate & Indifferent to inmate Hampton. By allowing
him to go back to work.
        There fore being exposed to the
Hazardous matrail ~~~~ again... Causing
more damage.... To plaintiff..

6.

Both Def's Knew of Hazardous chemical and still acted w/ Delibrate & Indifferent actions that did lead to actual lung Damage...
Which is Actual Injury...

Arguement and Objection... Too...

Admin. Remedy System. Judical notice Rule 201(c),(d)
Will The Court Please Review
May 2nd or 3rd 2019    Lawsuite Package concerning Admin, Remedy'es.
Plaintiff states Regional office "Tolled" BP-10 R1 for over 60 day on Both Remedyes

There for Causing Plaintiff future Damage to law suit. During Summary Judgment...

Case in support Ross v. Blake (2016) Please Read exhibit #7 Supreme Court stated 3 kinds of circumstances in which an admin. Remedy, although offical on the Books is not capable of use "to obtain Relief." to thwart inmate" or through machination, misrepresentation or Intimidation...

7.



Continues "Tolling" By Regional office ...

Will the Court Please Read Exhibit : 7 & 8

tolling applies "where Def's fraudulent Conduct results

in Plaintiff's "Lack of Knowledge" of a Cause of action.

Plaintiff ask [this] Court to Review

Adminstrative Remedy System ... Using Rule 201 of

federal Rules of Evidence ... Will the Court,

Please Review the Remarks on Bp-9,

Know as (F-1) Insitution level and, Bp-10,

Know as (R-1) Regional level and, Bp-11

Know as (A-1 & A-2) Central office ... All of

these Remedies are on the Original lawsuite

Package, filed on this Date . 5-2-2019

Remarks on All of the Remedies (is) & [are]

(mis-leading) ....    #8

Proving Case: Ross v. Blake Exhibit #9

"When Prison Administrators (thwart) inmate from taking advantage of a Grievance process throug Machination, Misrepresention, OR Intimidation".

Plaintiff would like to Present the Court w/ Exhibit #10 "Substantial Risk of harm" c/o Gregory Jones: Stated, In his own sworn 28 usc. 1746 under Penalty of Perjury ... I, Def c/o G. Jones (informed) Hampton, that "Polyurethane" was a Potentially "Hazardous Material" that would be used in his work area ...

Exhibit #10 states: The Court of Appels has Determiend that "Delibrate Indifference".. Requiers a showing that: "the offical Knows the inmate faces a "Substantial Risk of Harm"... And "Disregards that Risk"..

Plaintiff brings Before this Court Exhibit #11

9#

Third 3rd Circuit Court of Appeals states:

To Est, 8th Amend, Violation, Appellants must show that they [faced] a Substantial Risks of Harm...

Will the Court Please Review Exhibit #12

Actual "Copy" from Chemical used... Please, Read Bottom Right side [at] Warning!

Combustible Vapor Harmful Irritates eyes, skin, & Respirator Tract...
Before using read Cautions on back Panel.

No! Where, on this Waring lable or back Panel, OR

on the Directions, OR Cautions, Does it Say to Apply Chemical which is Hazardous...
with a spray gun... But, it Does

Say "Only" to Brush on OR apply with Rag...

% G. Jones Knew of the Risk of Harm & Still gave plaintiff "Direct orders to spray Chemical with out Personal Protective Equipment?...

Will the Court Review Exhibit 13 #

10 #

To act w/ Deliberate Indifference is to
"Recklessly Disregard a Substantial Risk of Harm",
8th Amendment. Right "Requires Proof" that offical
knows of and disregards an excessive Risk to
inmate Health or Safety...

Will the Court Please Review Exhibit # 14
Case Farmer, 511 u.s at 842 Holding "Plaintiff Can"
Est. a "failure-to-protect claim, By showing a
"Substantial Risk of Harm" that was longstanding,
pervasive, well-documented, or expressly
Noted by Prison officals in the Past, and the
"Circumstances suggest that Def-offical had been
exposed to information Concerning the Risk"

Warning lable on the front of the Can
                    Exhibit # 12,
To inform [all] those who use or Buy the Chemical
which is a Combustable Flameable, Hazardous
material ... which [Does] irreatate eyes, skin, and
Resipatory tract ...

11#

Will the Court Please Read Exhibit #15

§4042 Duties of Bureau of Prisons (2)
Provide suitable quarters, provide for the
safekeeping, Care,
            % G. Jones "Failed" to Care or
Provide Protection from the Substantial Risk of
Harm, from the Hazardous Chemical materail.
            %
        G. Jones failed to Protect Plaintiff
from the Substantial Risk of Harmful Chemical, for
17 months... By his own Knowledge of the
Hazardous Materail...

            Plaintiff would like to show, How
Def PA. J. Ayers failed to Protect from, Substantial
Risk of Harm, Plaintiff was inducing ...

first Medical Records Prove she tested Plaintiff
w/ a Lung test... Def Ayers Did in-fact

Come to the Conclussion: That she had to treat
Plaintiff.. With a Drug.. That she her self,
By Her self, Did infact, Perscribe a Drug...

All of the Test Results and Federal Doc. ARE
in this Brief and many other Briefs,
before this one ...

                    12#

Will the Court Please Apply all the words
on Ex. #16

To Def's Ayers Possition, Def was told by
Plaintiff, that he thinks he inhaled a Chemical that
he should not have...

But, Even after all the test and
Exam. And persciption of Drug...

Def J. Ayers (fails-to-Protect) Plaintiff from

Inhaling more of the Chemical, infact she sends
Plaintiff Back to work to be
exposed to more of the Harmful Hazardous
Combustible Chemical...

Def's C/O G. Jones & PA. J. Ayers

Are both Guilty of 8th Amend. Violations to
Plaintiff...

Lastly will the Court Review Ex. #17

To maintain a Claim for Supervisor libility
Plaintiff, must show
1st the Supervisor offical "Personaly Participated"
in the activity...

13#

Well Def C/o 6. Jones said it <u>Best</u>

In his own 28usc 1746 under Penalty of Perjury... Statement: "<u>I did</u>" not, Train Hampton him, on how to use a Respirator...

And then goes on To say Plaintiff Sprayed 20 to 30 min...

In fact C/o 6.Jones Sworn Statement Proves threshold, and merit, to Plaintiffs Claim... of 8th Amend, violation; Medical Records Prove

PA. Ayers medical Knowledge. Test, and sound judgment on what Drug Plaintiff needed, And Did in fact Perscribe, to Hampton...
Yet, she Did Knowingly Chose to Disregard Hamptons 8th Right to be protected and Delibrately Indifferently chose to send Hampton back to work to Be Exposed to the Harmful Chemical, that Hampton had Expressed was what and Why he Came to medical in the <u>first</u> Place...

#14

In Conclussion

Ever since May 2, 2019 Plaintiff has,
Defended his Possition on 8th Amend. Violation
By Both C/o 6. Jones & P.A. Ayers

Plaintiff ask this Court to Disregard
Def's Motion for Summary Judgment
and motion to Dismiss.

On the Merit's of C/o 6. Jones own
admittence to his actions, to his own
sworn 28 usc 1746 under penalty of purjury

2nd
P.A Ayers summary Judgment & Motion to
Dismiss...
Also Be Disregarded...

Due, to the fact she Knowingly Acted Delibrate &
Indifferent after she Knew for a fact Hampton
Did test possitive for lung Problems...And did
Perscribe a Drug...
                    But failed to Protect, Proven
By the fact she did not stop him.

#
15

From working with the Harful Hazardous Chemical

"Therefore" Exposing Plaintiff to More "lungs" Exposure to the Harmful Hazardous Chemical. That she her self "treated" (with a controled Drug)

Case in Support Scher v. Engelke, 943 F.2d 921 (8th cir. 1991), Cert. Denied, ___ U.O.S ___, 112 S. Ct. 1516 117 L. Ed 652 (1992)

8th Amend. Protection [is] Broader than "Meer" Infliction of Physical Pain ...

Plaintiff ask this Court to Dismiss Def's motion of Summary Judgment & Report & Recommendation to (Dismiss)

And move to Evéditary Hearing oR Discovery...

Submitted By Joshua T Hampton #315 75.160
Address is F.C. I Memphis
Po Box 34550
Memphis, Tenn. 38184

#76

